IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAWN MICHELLE WILSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SECURITY TRANSPORT SERVICES, )<br>INC., )<br>)<br>Defendant. )<br>_____) | Case No. 10-4062-JAR |

## MEMORANDUM AND ORDER

This case was brought by plaintiff Dawn Michelle Wilson alleging discrimination under the Americans with Disabilities Act ("ADA"). Before the Court is defendant Security Transport Service, Inc.'s ("STS") Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 13). This motion was filed early in the case and, in responding to the motion, plaintiff indicated that the record had not been fully developed on two of the issues raised in defendant's motion and suggested the Court stay or deny the motion so that plaintiff could conduct further discovery. The Court issued an Order on February 2, 2011, ordering plaintiff to file any affidavit or declaration pursuant to Fed. R. Civ. P. 56(f), if she finds appropriate, by no later than February 10, 2011. Plaintiff responded to the Court's Order, attaching an affidavit by plaintiff's counsel seeking additional discovery on one of the issues raised in defendant's motion. As described more fully below, the Court denies plaintiff's request for additional discovery and grants defendant's motion for summary judgment.

## I. Standards

### A. *Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[4] Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents,

---

[1]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[2]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3]*Montoya*, 296 F.3d at 955.

[4]*Harms*, 146 F. Supp. 2d at 1130.

[5]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

### B. *Rule 12(b)(6)*

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[8] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[9] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[10] but requires more than "a sheer possibility."[11]

Here, both parties submit matters outside the pleadings with their briefs. Generally, "when matters outside the pleadings are presented to and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56."[12] Plaintiff responded to defendant's uncontroverted statements of fact and presented her own additional statements of fact. She was also provided an additional opportunity to submit an affidavit pursuant to Fed. R. Civ. P. 56(f) if appropriate. The Court treats defendant's motion as one for summary judgment.

### C. *Rule 56*

---

[7]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[8]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[9]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[10]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[11]*Id.*

[12]Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law."[13] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[14] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[15] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[16] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[17]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[18] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[19]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to

---

[13] Fed. R. Civ. P. 56(a).

[14] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[15] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[16] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)).

[17] *Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[18] *Spaulding,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[19] *Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler,* 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

"set forth specific facts showing that there is a genuine issue for trial."[20] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[21] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[22]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[23] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[24] When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[25]

## II.     Uncontroverted Facts

The following facts are uncontroverted, stipulated to, or viewed in the light most favorable to plaintiff. STS is a prisoner transport service, both within the State of Kansas and out of state. Plaintiff began working for STS in April 2006 as a Transport Officer. In her capacity as a Transport Officer, she would transport passengers that require security such as

---

[20]*Anderson,* 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[21]*Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

[22]*Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler,* 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[23]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[24]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[25]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

prisoners, juvenile offenders and children in need of care. In late 2006 through May 2007, plaintiff worked in the office scheduling transports on Sundays, and filled in as needed thereafter. Exhibits A and B, attached to plaintiff's affidavit,[26] list STS employees for the following dates in 2008: January 8, March 31, April 1, and April 2. These lists include more than fifteen employees for each of these dates.

Plaintiff was off work under doctor's orders from March 29 through April 3, 2008. On or before April 3, 2008, plaintiff filed an application for unemployment benefits with the Kansas Department of Labor; she was found eligible for unemployment benefits.[27] Plaintiff did not return to work with STS after March 29, 2008. Plaintiff was never advised that she was terminated.

Plaintiff filed a charge of discrimination with the Topeka Human Relations Commission on July 8, 2008. She filed a complaint with the Kansas Human Rights Commission ("KHRC") on December 15, 2008. The KHRC complaint states that she was removed from the STS schedule because of her disability. The KHRC complaint does not include a claim that she was not hired for an office position that she applied for at STS. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on October 16, 2008.

## III. Rule 56(f)

Under Rule 56(f), the court may stay or deny a motion for summary judgment to allow further discovery if the nonmovant states by affidavit that she needs additional time to develop

---

[26] (Doc. 18, Exs. A, B.)

[27] The employer Notice lists April 3, 2008 as the date of mailing. (Doc. 13, Ex. D.)

6

evidence to oppose the motion.[28] The decision whether to grant a Rule 56(f) motion lies within the sound discretion of the court.[29] The Rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.[30]

The nonmovant must satisfy several requirements to obtain relief under Rule 56(f). By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.[31]

Plaintiff has submitted an affidavit pursuant to Rule 56(f),[32] seeking additional discovery concerning defendant's status as a statutory employer under the ADA. This affidavit is insufficient under Rule 56(f) for several reasons. First, counsel makes no attempt to explain why facts precluding summary judgment were unavailable both at the time of the response and currently, now that the discovery deadline has passed. Discovery closed in this case on January 14, 2011, approximately two months after plaintiff filed her response to defendant's motion. Plaintiff's counsel makes no attempt to explain in his affidavit why this discovery was not

---

[28] *Price v. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). The Court applies Fed. R. Civ. P. 56(f), the appropriate subsection that was effective when the briefs in this matter were filed. Effective on December 1, 2010, Rule 56 was amended and the relevant provision is now found in Rule 56(d).

[29] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-54 (10th Cir. 1993).

[30] Fed. R. Civ. P. 56(f).

[31] *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[32] (Doc. 25-1.)

sought nor completed in the two-month period after he filed the response and before discovery closed.

Second, counsel does not provide the Court with a proffer of the probable facts he can find through additional discovery. Counsel contends that defendant's argument that each time a member of its staff is called in to work is considered a separate period of employment, was not raised until the reply brief was filed. But defendant made this argument in its initial brief. In fact, plaintiff's own affidavit evidences an awareness of this argument because she states her opinion that "[t]he employee lists exhibit A and B were not rehired for each run they were employees from which we would fulfill our transport responsibilities."

Counsel also contends that he seeks additional discovery about the status of employees hired after his response brief was filed. But this information is not relevant because, as explained more fully below, the time period for purposes of determining whether an employer has fifteen or more employees is the year in which the discrimination occurred, and the preceding year.[33] Evidence about individuals hired after November 15, 2010 would not impact the Court's analysis on this issue.

Finally, counsel provides no information in his affidavit about what steps he has taken to obtain discovery about facts that would preclude summary judgment and how additional time will allow him to do so. For all of these reasons, the Court declines to stay or deny summary judgment on this basis and declines to provide plaintiff with additional time for discovery.

## III. Discussion

In the Pretrial Order, plaintiff characterizes her claim as discrimination under the ADA.

---

[33] 42 U.S.C. § 12111(5).

Her factual contentions state that she requested to be allowed to fill a vacant position in the office for which she had applied in March 2008 following her cancer diagnosis but STS failed to hire her for this position and refused to allow her to perform transport duties. Defendant moves for summary judgment on the following grounds: (1) plaintiff was not an employee of STS at the time she alleges the discrimination occurred; (2) STS is not an "employer" pursuant to the ADA; (3) plaintiff failed to timely exhaust her administrative remedies; (4) plaintiff's failure to hire claim is barred because it was not included in her administrative claim; and (5) plaintiff is unable to establish that she is a disabled person within the meaning of the ADA. As discussed more fully below, summary judgment is granted on plaintiff's failure to hire claim because it was not administratively exhausted. Because there is no genuine issue of material fact that defendant is not an employer and plaintiff was not an employee under the ADA, summary judgment is appropriate. Furthermore, there is no genuine issue of material fact that plaintiff is not a disabled person under the ADA.

### A. *Administrative Exhaustion*

Title I of the ADA requires that a plaintiff exhaust administrative remedies before filing suit.[34] In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[35] The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable

---

[34] *See Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[35] *Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir.1996).

tolling."[36] The Tenth Circuit has distinguished between a plaintiff's failure to exhaust administrative remedies, which creates a jurisdictional bar to suit, and plaintiff's failure to timely exhaust administrative remedies, which is an affirmative defense subject to equitable tolling.[37] Here, defendant has argued both that the failure to hire claim is unexhausted and that plaintiff's filings were untimely.

　　　　1.　　Scope of Administrative Claim

Defendant argues that any claim by plaintiff for failure to hire or accommodate her disability is outside the scope of her administrative claim. Because this argument contends that plaintiff failed to exhaust this particular claim, it goes to the Court's subject matter jurisdiction. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[38] The inquiry is generally "limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge."[39]

The Court agrees that plaintiff's claim that STS failed to hire her for an office position is not within the scope of her administrative claim. The KHRC complaint states that plaintiff was removed from the STS schedule because of her disability. Even liberally construing plaintiff's administrative charge,[40] there is no reference to STS discriminating against her by failing to hire

---

[36]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[37]*Runyon,* 91 F.3d at 1399 n.1.

[38]*MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

[39]*Jones*, 502 F.3d at 1186 (emphasis in original).

[40]*See id.*

her for an office position. The charge must contain facts about each discriminatory claim because of the rule that "'each discrete incident' of alleged discrimination or retaliation 'constitutes its own unlawful employment practice for which administrative remedies must be exhausted.'"[41] Here, plaintiff alleges in her administrative charge that she was discriminated against when STS removed her from the transport schedule. It can not reasonably be expected that the administrative investigation would include a failure to hire claim based on this factual allegation. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's failure to hire claim.

   2.   **Timeliness**

Defendant also argues that plaintiff failed to timely exhaust her administrative claim. As a general rule, an administrative charge must be filed with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice.[42] But if a complainant "institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days."[43] Defendant argues that plaintiff is not entitled to the 300-day filing period because she filed her complaint with the EEOC first on October 16, 2008 and she did not file with the KHRC until December 16, 2008.

The Supreme Court has explained that in deferral states, the Act provides that a complainant may not file with the EEOC until sixty days has elapsed from the filing of the charge with the state or local agency unless the state or local agency's proceedings have been

---

[41]*Id.* (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)) (further quotation omitted).

[42]*See* 42 U.S.C. §§ 12117(a), 2000e-5(e)(1).

[43]*EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988).

terminated.[44] To meet this requirement, the complainant must either file the charge with the state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event to be sure that it is filed with the EEOC within the 300 day limit.[45] And even if the charge is not filed within 240 days, it may be timely if the state or local agency terminates its proceedings before 300 days.

Here, plaintiff filed her charges in the following chronological order: (1) Topeka Human Rights Commission on July 8, 2008; (2) EEOC on October 16, 2008; and (3) KHRC on December 15, 2008. Plaintiff filed her claim with the EEOC within 240 days after April 3, 2008 on October 16, 2008. Even if plaintiff had failed to ever file her claim with the KHRC, her claims would be limited to those within the 240 days preceding her EEOC charge. Because plaintiff met this deadline, her claim should not be dismissed for failure to timely exhaust her administrative remedies.[46]

### B.     *Whether STS is an "Employer"*

Under 42 U.S.C. § 12111(5), an "employer" "means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." Whether STS is an "employer" under Title VII is an element of plaintiff's claim for relief, not a jurisdictional

---

[44]*Id*; *see* 42 U.S.C. § 2000e-5(e)(1).

[45]*Commercial Office Prods. Co.*, 486 U.S. at 111.

[46]*See Mohasco Corp. v. Silver*, 447 U.S. 807 n.16 (1980); *Snyder v. Boeing*, 162 F. Supp. 2d 1212, 1219 (D. Kan. 2001); *Beck v. Bd. of County Comm'rs of Leavenworth County*, No. 03-2646-CM, 2004 WL 2282911, at *2 (D. Kan. May 13, 2004); *Morris v. State of Kan. Dept. of Revenue*, 849 F. Supp. 1421, 1427-28 (D. Kan.,1994), *abrogated on other grounds by Burns v. Bd. of Comm'rs of Jackson County, Kan.*, 197 F. Supp. 2d 1278 (D. Kan. 2002).

issue.[47] The Supreme Court discussed the standard applicable in determining the fifteen-employee threshold in *Walters v. Metropolitan Educations Enterprises, Inc.*[48]

> As we have described, in determining the existence of an employment relationship, petitioners look first and primarily to whether the individual in question appears on the employer's payroll. Metropolitan did not challenge this aspect of petitioners' approach; its objection was the more basic one that existence of an employment relationship was not the criterion. For their part, petitioners emphasize that what is ultimately critical under their method is the existence of an employment relationship, not appearance on the payroll; an individual who appears on the payroll but is not an "employee" under traditional principles of agency law, *see, e.g., Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-324, 112 S.Ct. 1344, 1348-1349, 117 L.Ed.2d 581 (1992), would not count toward the 15-employee minimum. We agree with petitioners that the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question.[49]

In applying the payroll rule, the Court explained, "[u]nder the interpretation we adopt . . . all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure."[50]

Defendant points to a lack of evidence that STS is an employer under the ADA, contending that the Transport Officers all work on an "on-call" or "fill-in" basis. STS urges that each time a worker is called into work it is considered a separate period of employment. In

---

[47]*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006).

[48]519 U.S. 202 (1997). The Court applies the same analysis as used in Title VII cases because Title VII contains an identical definition of the term "employer." *See* 42 U.S.C. § 2000e(b); *Bristol v. Bd. of County Comm'rs of County of Clear Creek*, 281 F.3d 1148, 1164 (10th Cir.), *vacated in part on rehearing en banc on other grounds*, 312 F.3d 1213 (10th Cir. 2002).

[49]*Id.* at 211–12.

[50]*Id.* at 211.

13

response, plaintiff submits employment records from four particular days in 2008, and her own affidavit where she contends that the transport officers were not rehired for each run. Plaintiff contends that this is sufficient evidence that STS employed at least fifteen employees in 2008. In response, defendant submitted Tom Bauman's affidavit with its Reply. Bauman is the President of STS and attests that STS employs a small staff of less than fifteen permanent employees. STS maintains a list of drivers who are qualified as transport officers and they are called on a fill-in basis as transport requests are made. When a request is made, an administrative officer goes to a list and calls officers to see if they are willing to take an assignment. Officers are not required to take an assignment and are free to be employed elsewhere. They receive no employment benefits such as sick leave, vacation, and health benefits. Bauman states that the transport officers listed in Exhibits A and B to plaintiff's affidavit did not have employment relationships with STS.

The Court finds that plaintiff has failed to point to evidence that would create a genuine issue of material fact about whether STS employed fifteen or more employees for twenty or more weeks in the current or preceding calendar year.[51] Even assuming that the transport officers listed in plaintiff's Exhibits A and B were employees on the days in question (January 8, March 31, April 1, and April 2), this evidence does not controvert defendant's submission that it did not have employment relationships with fifteen employees or more employees for at least twenty *weeks* in 2008. To the contrary, defendant points to evidence that these transport officers had temporary employment relationships with STS that ended after each discrete transport run. Plaintiff suggests that defendant must submit payroll records to show that it did not employ the

---

[51]The "current" year is 2008, the year the alleged discriminatory actions occurred. *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1441 (D. Kan. 1993).

requisite number of employees, but of course defendant need not submit any evidence to meet its summary judgment burden. It would have been sufficient for defendant to simply point to the lack of evidence that it employed fifteen or more employees. The burden has shifted to plaintiff to come forward with evidence that creates a genuine issue of material fact on this issue. Because plaintiff does not point the Court to evidence of this element of her ADA claim, summary judgment is appropriate.

### C. Plaintiff's Employment Status

Under the ADA, an "employee" "means an individual employed by an employer."[52] Even assuming STS is an "employer" under the ADA, defendant argues that plaintiff was not an employee because she had terminated her employment relationship before April 3, 2008, as evidenced by her claim for unemployment benefits. Plaintiff alleges in the Complaint that she informed STS on April 2, 2008 that she had been diagnosed with uterine cancer and responds that she only filed a claim for unemployment benefits because she was not assigned any hours to work after April 3, 2008. Plaintiff contends that termination is unnecessary in order to qualify for unemployment benefits and that she had never been told by defendant that she was terminated.

The parties disagree as to the legal significance of plaintiff's claim for unemployment benefits. Defendant asserts that this is clear evidence that plaintiff was not employed when she filed her claim before April 3, 2008. Plaintiff contends that she only filed her claim for unemployment benefits because she had not been assigned hours to work by STS after April 3, 2008. It is uncontroverted that on or about April 3, 2008, plaintiff filed an application for

---

[52] 42 U.S.C. § 12111(4).

15

unemployment benefits with the Kansas Department of Labor. It is also uncontroverted that plaintiff was not "terminated" by STS.

Plaintiff applied for unemployment benefits pursuant to K.S.A. § 44-705. In order to qualify for benefits under this provision, plaintiff must have been an "unemployed individual." "Unemployment" is defined under the Unemployment Security Law as,

> with respect to any week during which such individual performs no services and with respect to which no wages are payable to such individual, or with respect to any week of less than full-time work if the wages payable to such individual with respect to such week are less than such individual's weekly benefit amount.[53]

Plaintiff contends that, under this provision, her employment status was not required to change in order to be eligible for benefits. Yet, under this definition, plaintiff was undoubtedly an "unemployed individual."

The Court easily finds that there is no genuine issue of material fact about whether plaintiff was an "employee" at the time the discriminatory action occurred. Plaintiff claims that she informed STS of her disability on April 2, 2008 and that the discriminatory act occurred after April 3. Yet, it is uncontested that she filed her claim for unemployment benefits prior to the alleged discriminatory act she claims occurred after April 3. The same reasons apply to this analysis as to the Court's finding that defendant was not an employer—the evidence submitted by defendant shows that the transport officers did not have employment relationships with STS. Given that plaintiff was in a period of unemployment when the alleged discriminatory act occurred, she was not an employee under the ADA.

### D. *Disabled*

---

[53] K.S.A. § 44-703(m).

The elements of a *prima facie* case of ADA discrimination are: (1) plaintiff is a disabled person as defined by the ADA; (2) plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) plaintiff suffered discrimination by an employer or prospective employer.[54] The statute defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[55] Major life activities include such functions as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.[56]

Defendant argues that plaintiff is unable to show that she is a disabled person as defined by the ADA because merely having an impairment, in this case uterine cancer, is not sufficient to show that she has an impairment that substantially limits one or more major life activities. In fact, plaintiff claimed in the Complaint and in the Pretrial Order that while she informed STS of her cancer diagnosis on April 2, 2008, she remained available and able to work as a transporter. Plaintiff responds that she is a disabled person under the ADA because she was "regarded as" disabled. This allegation was carried forward to the Pretrial Order. Defendant replies that it contacted plaintiff to perform a "run" on April 19, 2008, which belies her contention that defendant regarded her as disabled.

Even if the Court found that plaintiff was an employee and defendant was en employer

---

[54] *Zwygart v. Bd. of County Comm'rs of Jefferson County, Kan.*, 483 F.3d 1086, 1090 (10th Cir. 2007); *Bones v. Honeywell, Int'l, Inc.*, 366 F.3d 869, 877–78 (10th Cir. 2004).

[55] 42 U.S.C. § 12102(1).

[56] *Id.* § 12102(2)(A).

17

under the ADA, it would find that defendant has met its summary judgment burden of showing an absence of evidence tending to show that plaintiff was disabled, given her allegations that she was available and able to work after she was medically released on April 2, 2008. Plaintiff points to her allegation in the Complaint that she was regarded as disabled. Attached to plaintiff's affidavit is the appellate decision by the Department of Labor on plaintiff's unemployment claim, which centered on whether plaintiff should be disqualified from receiving unemployment benefits because she declined an offer of employment by STS on April 19, 2008. The Court agrees that STS's offer of employment indicates that it did not regard her as substantially limited in her ability to work.[57] Furthermore, while plaintiff indicated in her response to the motion that further discovery should be permitted on this issue, the Rule 56(f) affidavit is devoid of any reference to anticipated discovery on this particular issue. Defendant has met its burden on summary judgment of pointing out to the Court a lack of evidence for plaintiff on an essential element of her claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 13) **is granted**.r

**IT IS SO ORDERED**.

Dated: April 14, 2011

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE

---

[57]*See Nickola v. Storage Tech. Corp.*, 160 F. App'x 658, 662 (10th Cir. 2005).